MARÍA TERESA QUIÑONES MAYORAL, Petitioner, *v.* DISTRICT COURT OF SAN JUAN and RAMÓN SÁRRAGA, Respondents.

No 1159.    Argued January 23, 1939.—Decided January 30, 1939.

*García Méndez & García Méndez* and *Angel G. Hermida,* for peti-
tioner.  *José López Baralt,* for respondent Mr. Sárraga.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

This is a petition for certiorari filed by the defendant-
wife in a suit for divorce for abandonment, for us to review
and modify an order of the District Court of San Juan re-
fusing to give said defendant certain amounts which she al-
leges are necessary for alimony and to defend herself in said
divorce suit, the hearing of which is set for February 6, 1939.

From the record in the civil suit No. 29,444, sent to this
court in obedience to our order, the following facts appear:

On May 13, 1938, Ramón Sárraga, the husband of the pe-
tioner herein, filed suit for divorce in the District Court of
San Juan, alleging that since more than a year his wife had
abandoned him.

On October 13 of the same year the defendant filed a mo-
tion asking for provisional alimony and *litis expensas,* alleg-
ing that she had a good and meritorious defense to the suit;
that the defendant is insolvent and has no property whatso-
ever; that the complainant has had an income in excess of
$200 a month and that according to her best knowledge and
belief he still had said income; and she prayed that the com-
plainant be ordered to give her $75 a month for her expenses
and $300 for her attorney's fees; and that until said order
is carried out the proceedings in the suit be suspended.

In opposing said motion for provisional alimony and *litis
expensas* the complainant alleged that he is insolvent and has
neither goods nor property with which to pay the defendant
what she requests; that since three months before, he had

lost his employment as paymaster for Puerto Rico and that since that time he has not received any salary; that he has no profession which would make it possible for him to have a steady income; that at present he has no employment whatsoever; that he is in a bad financial position, not having the money to pay for his room and board for the last few months; that the defendant is not in need as she lives with relatives who are solvent and well off; that the amount requested for attorney's fees is unreasonable; and that as the defendant is guilty of abandonment she is not entitled by law to receive alimony and attorney's fees.

In its decision of December 2, 1938, after setting forth the facts, the lower court said as follows:

"In the hearing on the motion, the defendant limited herself to testifying that she needed the alimony claimed, but in no manner or form did she prove that the plaintiff had means or income.

"The complainant testified to being insolvent, that he had been unemployed for more than three or four months, that he had no profession and that he does not receive any income, emoluments or benefits whatever. These statements were corroborated by attorney Wilson P. Colberg, who testified that he is conducting a case for the complainant against the Treasurer to be replaced in his position as official paymaster for The People of Puerto Rico, and that Sárraga had not been able to pay him his fees and that the witness had had to pay part of the costs so as to be able to file the suit; and also by Mr. Tulla, in whose house Mr. Sárraga lives, who testified that for the last three months the latter has not been able to pay for his room and board.

"The Court, therefore, arrives at the conclusion that the complainant is not in a financial situation to allow him to pay the defendant provisional alimony nor to pay her any sum for 'litis expensas' at present.

"We agree with the complainant in that Section 100 of the Civil Code, 1930, ed., which states:

" 'If the wife have not sufficient means to provide for her maintenance during the suit, the district court shall order the husband to pay her a sum for her separate maintenance in proportion to his means,' entitles the wife to a sum for her separate maintenance if

the husband has property or receives income from his employment or profession. In·other words, if the husband is insolvent the legal provision cannot be complied with.''

Admitting as proven the insolvency of both parties, the attorneys for the defendant wife and petitioner herein argue that according to the law and the jurisprudence cited by them the suit for divorce should be suspended until the complainant-husband pays the alimony and attorney's fees which in their opinion the lower court should have granted and erroneously did not grant.

Let us consider and decide the only two questions raised in this appeal.

Did the lower court err ·in refusing to order the complainant to pay to the defendant the amounts asked for by the latter?

It is true that Section 100 of the Civil Code, 1930 ed., provides that when the wife-defendant in a divorce suit does not have sufficient means to support herself during the trial, the district court *shall order* the husband to give her alimony; but it is no less true that that provision apparently imperative and mandatory, is conditioned by the additional requisite of the same section to the effect that the alimony ordered by the court shall be in proportion to the property or means of the husband.

After a serious study of said section, we are of the opinion that when after carrying out an investigation and hearing evidence in regard to the financial situation of the husband, the judge of the district court reaches the conclusion that in his opinion said husband is insolvent, that he is not employed and that he has no goods or property and that his situation does not allow him to give any sum whatsoever to his wife while the divorce suit is pending, the judge of the lower court does not err in refusing to ·issue an order imposing upon the insolvent husband the obligation of paying alimony and *litis expensas*. What practical end would be reached in rendering such an order knowing that it was not going to be com-

plied with due to the state of absolute insolvency of the person who should obey it? The maxims *impossibilium nulla obligatio est* and *impotentia excusat legem* are applicable to the present case.

The judgment appealed from, supra, shows that the lower Court acted according to the rule which we have just set forth, hearing the evidence presented by each of the parties in regard to the solvency or insolvency of the complainant-husband. If the lower Court did or did not err in weighing the evidence is a question which even if it had been duly raised by the petitioner, could not have been considered in this proceeding for certiorari.

There was not, therefore, any error in the dismissal of the motion for alimony and *litis expensas*.

Did the district court err in refusing to stay the divorce proceedings until the complainant had paid or was in a condition to pay the alimony and the attorney's fees requested by the defendant?

The petitioner has not called our attention to any legal provision which orders or any jurisprudence which obliges the district Court to stay the divorce proceedings until the complainant and insolvent husband is in a condition to carry out the obligation of giving the defendant-wife alimony and *litis expensas*.

In the case of *Carballo* v. *Rossy*, 27 P.R.R. 855, cited repeatedly by the attorneys for the petitioner, this Court sustained that it was no error for a district court to stay all he proceedings in a divorce case until the husband should deposit in the clerk's office of the court the amount set by the court for *litis expensas*. That case is not really applicable to that now before us. In that case at no moment was the defense of insolvency of the husband raised; and the only thing therein decided was that the district court is authorized by section 168 of the Civil Code (1902 ed.) to grant the defendant-wife *litis expensas* and to stay a proceeding until said order is obeyed.

In *Criado* v. *Sepúlveda*, 48 P.R.R.____ this Supreme Court, in refusing to issue a writ of mandamus to a district judge to order him to continue with a suit for divorce which had been suspended until the complainant-husband should pay the alimony and the attorney's fees set by said judge, recognized and upheld the power of the lower court to issue said order staying the case. But from the examination which we have made of the record of said case we find that in that case the insolvency of the husband was not alleged either.

In *Manrique de Lara* v. *Garrosi*, 23 P.R.R. 378, this Court sustained that in order to apply Section 168 of the Civil Code of 1902, equivalent to Section 100, edition of 1930, it is necessary: (*a*) that there be a divorce suit pending; (*b*) that the wife should not have any means; and (*c*) that the husband have means.

The jurisprudence cited by the petitioner (1 Cal. Jur. p. 988, sec. 42, and 62 A.L.R. 664) acknowledges the discretional authority of a court before which a divorce suit is pending to decree a stay of the proceedings until the husband makes the payments ordered by the court; and in some of the cases cited it is held that the lack of means or penury of the husband or his incapacity to make money does not excuse him from obeying the order.

We do not feel bound to follow this jurisprudence. We believe it is more human, when it has been proved to the satisfaction of the lower court that the husband is insolvent and incapable of making money and the impossibility of finding a lucrative employment, to allow the latter to continue his divorce suit instead of depriving him of his right to dissolve the marriage which binds him to a women who may have given reasons for its dissolution.

The state of penury and insolvency of the husband having been judicially declared we must decide that the lower Court did not commit error in refusing to decree the stay of the proceedings.

184

For the foregoing reasons the writ issued should be discharged and the case remitted to the lower Court without prejudice to the right of the defendant-wife to renew her petition for alimony and *litis expensas* whenever the circumstances should justify it.